# EXHIBIT 1

## Summons and Complaint

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENVILLE ) | |
| ) | |
| Benjamin C. Childress, et al. ) | CIVIL ACTION COVERSHEET |
| Plaintiffs ) | |
| ) | _____ - CP - _____ - _____ |
| vs. 2009 JAN 26 P 4:08 ) | |
| ) | 2009-CP-23-0628 |
| Air Products and Chemicals, Inc., ) | |
| Defendant ) | |

(Please Print)  
Submitted By: W. Andrew Arnold  
Address: 712 E. Washington Street, Greenville, SC 29601  

SC Bar #: 65311  
Telephone #: (864) 242-4800  
Fax #: (864) 242-4885  
E-mail: aarnold@aalawfirm.com  

Submitted By: Greg Morton  
Address: 4 Arborland Way, Greenville, SC 29615  

SC Bar #: 4109  
Telephone #: (864) 675-6010  
Fax #: (864) 675-6015  
E-mail: gmorton@dmdslaw.com  

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.  
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.  
☒ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.  
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Other (699) | |

Submitting Party Signature: _____    Date: January 26, 2009

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

| STATE OF SOUTH CAROLINA | ) | |
|---|---|---|
| | ) | COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | 2009 JAN 26  P 4:08 |
| | | 2009-CP-23- 0628 |
| Benjamin C. Childress and | ) | |
| Boyce Stroud, James E. Fulton, Jr., | ) | SUMMONS |
| Courtney Sloan, William T. Burns, | ) | (Jury Trial Demanded) |
| Curtis Slock, Thomas B. Allen, | ) | |
| James Thacker, Thomas Rogers, | ) | |
| Jamie Maronie, | ) | |
| Douglas W. Holden, Phil Garland, | ) | |
| Mark C. Johnson, Willie Bolden, | ) | |
| Jason Gosnell, Carey Gambrell, | ) | |
| Jesse Franklin, Henry McKinney, | ) | |
| Steve Payne, Rodney Eaves, | ) | |
| Jimmy Cantrell, William C. Sims, | ) | |
| Gary L. Fender, Kevin S. King, | ) | |
| Hector Rodriguez, Robert Lee Reid, | ) | |
| both individually and on behalf | ) | |
| of others similarly situated | ) | |
| (24) Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Air Products and Chemicals, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 712 E. Washington Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

1

Respectfully submitted,

Law Office of W. Andrew Arnold, P.C.

_____
W. Andrew Arnold
SC Bar No. 65311
712 E. Washington Street
Greenville, SC 29601
864.242.4800   864.242.4885 fax
aarnold@aalawfirm.com


_____  1-26-09
Greg Morton
Attorney For Plaintiff
S.C. Bar No.: 4109
Donnan & Morton, P.A.
4 Arborland Way
Greenville, S.C. 29615
Phone: (864) 675-6010   Fax: (864) 675-6015
gmorton@dmdslaw.com

ATTORNEYS FOR PLAINTIFFS

2

| STATE OF SOUTH CAROLINA | ) | |
|---|---|---|
| | ) | COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |

2009 JAN 26 P 4: 06    2009-CP-23-0628

Benjamin C. Childress,
Boyce Stroud, James E. Fulton, Jr.,
Courtney Sloan, William T. Burns,
Curtis Slock, Thomas B. Allen,
James Thacker, Thomas Rogers,
Jamie Maronie,
Douglas W. Holden, Phil Garland,
Mark C. Johnson, Willie Bolden,
Jason Gosnell, Carey Gambrell,
Jesse Franklin, Henry McKinney,
Steve Payne, Rodney Eaves,
Jimmy Cantrell, William C. Sims,
Gary L. Fender, Kevin S. King,
Hector Rodriguez, Robert Lee Reid,
both individually and on behalf
of others similarly situated,

    Plaintiffs,

v.

Air Products and Chemicals, Inc.,

    Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
 R WICKENSIMER

Plaintiffs, complaining of Defendant, would show as follows:

1. This is an action by former employees of Defendant Air Products and Chemicals, Inc. on behalf of themselves, and on behalf of other similarly situated current and former employees of Defendant.

2. This action is brought by Plaintiffs individually and pursuant to the collective action procedure authorized by 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), for back wages and liquidated damages under the FLSA, 29 U.S.C. §§ 206(a), 207(a), and 216(b).

1

3. Defendant is a corporation headquartered in Pennsylvania, and Defendant operated a manufacturing facility in South Carolina at which currently named Plaintiffs were employees.

4. Defendant is an entity engaged in interstate commerce.

5. The named Plaintiffs are residents and citizens of the State of South Carolina and at all pertinent times were employed by Defendant in Greenville County, South Carolina at Defendant's facility located in Piedmont, S.C. (hereinafter "Piedmont Plant").

6. The FLSA, 29 U.S.C. § 216(b), provides "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

7. Regular and substantial business activities of Defendant occurred in Greenville County, South Carolina, and a substantial part of the events that gave rise to this action as to named Plaintiffs occurred in Greenville County, South Carolina.

8. The named Plaintiffs seek to maintain this FLSA action as a collective action pursuant to 29 U.S.C. § 216(b) against Defendant as to each similarly situated employee of Defendant in the three-year time period immediately preceding the date on which this action was filed and continuing until judgment is entered in this matter.

9. Upon information and belief, until approximately June 2008, Defendant manufactured various chemical polymers at production facilities located in the United States.

10. Until a sale of assets which occurred in or about June 2008, Defendant owned and/or operated the Piedmont Plant as well as a facility in Elkton, Maryland (hereinafter Elkton Plant), which employed similarly situated employees.

2

11. The Piedmont Plant manufactured Flexcryl pressure sensitive adhesives, and the Elkton Plant produced atmospheric emulsions that are used in paint, adhesives, and paper coatings.

12. Defendant also owned and/or operated production facilities, where chemicals were utilized, in Calvert City, Ky., (hereinafter Calvert City Plant), South Brunswick, N.J (hereinafter South Brunswick Plant), and Lehigh Valley, Pa. (Lehigh Valley Plant).

13. These facilities produced vinyl acetate ethylene (VAE) polymers for use in adhesives, paints and coatings, and paper and carpet applications.

14. Based upon information and belief, all polymer production facilities employed non-exempt employees who were required to, at the plant facility, remove their clothing and change into and out of (i.e., don and doff) protective clothing and other protective gear prior to the beginning and after the end of each shift.

15. These donning and doffing activities were mandated by Defendant and were indispensable to the performance of safe and productive work.

16. Donning and doffing of protective clothing and protective gear were part of the "principal activity" the employees were employed to and required to perform.

17. Defendant failed to pay Plaintiffs all of their weekly wages when Defendant failed to pay Plaintiffs for time spent at the beginning and end of each shift donning and doffing protective clothing and/or protective gear, and also failed to pay for the time spent in going to the assigned work area after donning and time spent in returning from the assigned work area before doffing.

18. Based upon information and belief, Defendant failed to pay other similarly situated employees all of their weekly wages when Defendant failed to pay other similarly situated employees for time spent at the beginning and end of each shift donning and doffing

3

protective clothing and/or protective gear, and also for the time spent in going to the assigned work area after donning and returning from the assigned work area before doffing.

19.  This action is brought under the FLSA for unpaid wages on behalf of the Plaintiffs and the FLSA Plaintiff Class for each pay period beginning three years immediately preceding the date of filing of this action and during which the named Plaintiffs and similarly situated workers they seek to represent, performed hours worked which included donning and doffing protective clothing and/or protective gear at the beginning and end of each and every shift, and also for the time spent in going to the assigned work area after donning and returning from the assigned work area before doffing.

20.  Pursuant to the collective action procedure specified in 29 U.S.C. § 216(b), the named Plaintiffs file this collective action for each similarly situated person who files, will file, or who has filed a written consent to be a party to this collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Plaintiff Class") at any time in the time period from the date this action is filed until final judgment is entered by the Court.

21.  Based upon information and belief, the number of similarly situated employees is greater than 100 employees.

22.  Defendant's failure to pay Plaintiffs and similarly situated employees as set forth herein was a willful, intentional and/or knowing violation of the FLSA, including all applicable regulations.

23.  Plaintiffs are entitled to an award of unpaid wages, liquidated damages and reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiffs and Plaintiff Class respectfully request that this Court certify a class of employees similarly situated to Plaintiffs, and enter judgment in their favor and against the Defendant as follows:

a. Award Plaintiffs and Plaintiff Class all unpaid wages for time spent donning and doffing protective clothing and/or protective gear, and time spent in going from the donning area to the assigned work area and time spent returning from the assigned work area to the doffing area;

b. Award Plaintiffs and Plaintiff Class liquidated damages under the FLSA;

c. Award Plaintiffs and Plaintiff Class reasonable attorney's fees and costs; and

d. Award Plaintiffs and Plaintiff Class such other legal and/or equitable relief, including pre-judgment and post-judgment interest, as this Court may deem proper.

Dated this the 26th day January 2009.

Respectfully submitted,

| Law Office of W. Andrew Arnold, P.C. | Donnan & Morton, P.A. |
|---|---|
| W. Andrew Arnold | Greg Morton |
| SC Bar No. 65311 | SC Bar No. 4109 |
| 712 E. Washington Street | 4 Arborland Way |
| Greenville, SC 29601 | Greenville, SC 29615 |
| 864-242-4800   864-242-4885 fax | 864-675-6010   Fax: 864-675-6015 |
| aarnold@aalawfirm.com | gmorton@dmdslaw.com |

5